**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Robert Joseph Venne<br><br>    Debtor. | Case No. 24-14547 MER<br><br>Chapter 7 |
| Carol Holley<br><br>    Plaintiff,<br><br>v.<br><br>Robert Joseph Venne<br><br>    Defendant. | Adversary No. 24-01258 MER |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the Motion for Summary Judgment ("**Motion**") filed by Plaintiff Carol Holley ("**Holley**"), and the Debtor/Defendant, Robert Venne's ("**Venne**") response thereto.[1]

**BACKGROUND**

Holley commenced the instant adversary proceeding against Venne on November 8, 2024, pursuant to 11 U.S.C. § 523(a)(2) and (a)(4). She filed the instant Motion on May 5, 2026.[2] Holley asserts she is entitled to summary judgment on both of her § 523(a) claims because a state court default judgment she obtained against Venne ("**Default Judgment**") has a preclusive effect on the issues in this proceeding.[3] Holley did not assert any facts in her Motion to support this contention. Instead, Holley attached and incorporated an affidavit as well as a copy of the Default Judgment. Venne objects to the Motion asserting, among other things, the Default Judgment does not have a preclusive effect on this proceeding because it was entered after Venne filed

---

[1] ECF Nos. 53 & 54. Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[2] Although dispositive motions were due by June 23, 2025, and neither Holley nor Venne sought an extension of the deadline, the Court permitted Holley to file the instant Motion.

[3] ECF No. 53, Ex. 2, August 16, 2024, Order of Default Judgment Against Defendants Blanca View Cabinets and Building, LLC and Robert Joseph Venne, entered in Alamosa District Court Case No. 2024CV30020; ECF No. 54, Ex. C, Order of Default Judgment.

the underlying bankruptcy case and because the issues to be decided in this proceeding were not "actually litigated" in the state court case.

## ANALYSIS

### A.     Standard of Review

Pursuant to Fed. R. Civ. P. 56(c) (incorporated by Fed. R. Bankr. P. 7056), a court may award summary judgment only when there are no disputes as to any material fact and the movant is entitled to judgment as a matter of law.[4]  In applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the non-moving party.[5]  The movant bears the burden of demonstrating there is no genuine issue of material fact.[6]  If the moving party makes a prima facie case, the burden shifts to the non-moving party to set forth specific facts demonstrated by evidence, "from which a rational trier of fact" could find in its favor.[7] "Great circumspection is required where summary judgment is sought on an issue involving state of mind."[8]

### B.     Holley Is Not Entitled to Summary Judgment

As an initial matter, L.B.R. 7056-1(a) requires that any motion for summary judgment filed in this Court must include, "a short and concise statement, in numbered paragraphs containing only one fact each, of the material facts as to which the moving party contends there is no genuine issue to be tried."[9]  Such statements must be followed by a citation to admissible evidence, including specific paragraph numbers in an affidavit.[10]  Holley did not include the list of material facts as required by the Local Rule.  This alone warrants denial of her Motion.[11]

---

[4] *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

[5] *Schwartz v. Bd. Of Maint. of Way Emp.*, 264 F.3d 1181, 1183 (10th Cir. 2001).

[6] *Sports Unlimited Inc. v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002).

[7] *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000).

[8] *In re Tilly*, 286 B.R. 782, 792 (Bankr. D. Colo. 2002); *Gelb v. Board of Elections of City of New York*, 224 F.3d 149, 157 (2nd Cir. 2000) (summary judgment is generally inappropriate where there are issues of intent).

[9] Local Bankruptcy Rule 7056-1(a)(3).

[10] *Id.* at (c).

[11] *Id.* at (e) ("The Court may deny motions that do not comply with this Rule"); see *In re Corrigan*, Adv. Proc. No. 01 A 00755, 2002 WL 1608241, at *2-3 (Bankr. N.D. Ill. July 18, 2002) (denying debtor's motion for summary judgment because debtor failed to include a separate statement of material facts as required by the local rule); *In re Sylvia*, 185 B.R. 674, 676 (Bankr. C. Conn. 1995) (denying motions for summary judgment after movants "inexcusab[ly] and intentionally" failed to comply with local rule requiring separate statement of material facts).

Aside from Holley's failure to follow the Local Rule, the Court must deny her Motion because the Default Judgment upon which the Motion is premised was entered in violation of the automatic stay.  The automatic stay pursuant to § 362(a) is effective immediately upon the filing of a bankruptcy petition, and "operates to stay the commencement or continuation of all contemporaneous claims and proceedings against the debtor."[12]  Actions taken in violation of the automatic stay are void and without effect.[13]  This includes judgments entered after the bankruptcy petition was filed.[14]  Here, Venne filed the underlying bankruptcy case on August 7, 2024.[15]  The Default Judgment was entered nine days later on August 16, 2024.[16]  As such, the Default Judgment is void and has no effect.

Even if Holley had included the required list of material facts and the judgment wasn't void, the Default Judgment cannot have a preclusive effect on this proceeding because the issues to be litigated here were not "actually litigated" in the state court case.  Indeed, "collateral estoppel attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment."[17]  Further, "collateral estoppel applies in bankruptcy courts only if the state court has made specific, subordinate, factual findings on the identical dischargeability issue in question."[18]  Collateral estoppel generally does not apply where a default judgment was entered against the defendant because they failed to participate from the outset of the case.[19]

None of the issues in this proceeding were "actually litigated" in the state court case.  The Default Judgment was entered after Venne failed to respond to Holley's state court complaint.[20]  As such, it appears Venne did not participate in the state court case

---

[12] *McGuire v. Champion Fence & Const., Inc.*, 104 P.3d 327, 329 (Colo. App. 2004) (citing 3 *Collier on Bankruptcy* § 362.02 (14th ed. 1988)).

[13] *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990).

[14] *Id.* at 373 (finding summary judgment entered in favor of debtor in a state court proceeding was void because it was entered after debtor filed his bankruptcy petition.); *In re Cannady*, 621 B.R. 16, 33 (Bankr. D. Colo. 2020) (citing *Ellis*, 894 F.2d at 372); *Pope v. Manville Forest Products Corp.*, 778 F.2d 238, 239 (5th Cir. 1985).

[15] Bankr. Case. No. 24-14547-MER, ECF No. 1.

[16] ECF No. 53, Ex. 2; ECF No. 54, Ex. C.

[17] *In re Sukut*, 357 B.R. 840, 844 (Bankr. D. Colo. 2006) (quoting *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (quoting Restatement (Second) of Judgments § 27, at 250 (1982)).

[18] *In re Jensen*, 395 B.R. 472, 490 (Bankr. D. Colo. 2008).

[19] *Id.* ("Collateral estoppel does not apply to this case. The Plaintiff's judgment was entered by default and thus was not 'actually litigated . . .' In this case, it appears that Ms. Jensen merely defaulted by not participating in the state court proceeding . . . As a result, the doctrine of collateral estoppel is not applicable.").

[20] ECF No. 54, Ex. B, August 12, 2024, Motion for Entry of Default Judgment Against Defendants Robert

at all prior to entry of the Default Judgment.[21]  Furthermore, the Default Judgment does not contain any factual findings, let alone specific factual findings that are identical to those necessary to find a debt nondischargeable under § 523(a)(2)(A) and/or (a)(4).[22] Therefore, the Default Judgment cannot have a preclusive effect on the issues in this proceeding.

### CONCLUSION

Given the above, THE COURT ORDERS the Motion is DENIED.

THE COURT FURTHER ORDERS the trial on Holley's complaint will commence on **Tuesday, July 28, 2026, at 9:30 a.m.**  All deadlines set forth in the April 15, 2026 Order and Notice of Trial remain in effect.

Dated June 9, 2026                                  BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

Joesph Venne and Blanca View Cabinets and Building, LLC, ¶¶ 4 & 9; ECF No. 54, Ex. C; ECF No. 53, Ex. 2.

[21] Holley's Motion is somewhat misleading in that she asserts the state court's findings were the product of a "full and fair proceeding where [Venne] chose not to appear for trial." ECF No. 53 at 3. This makes it sound as though Venne otherwise participated fully in the state court case and simply failed to appear for trial.  However, the Motion for Entry of Default Judgment and Holley's Affidavit are clear that Venne never even responded to Holley's state court complaint, let alone meaningfully participated in the case. ECF No. 53, Ex. 1, ¶ 30; ECF No. 54, Ex. B, ¶¶ 4 & 9.

[22] ECF No. 53, Ex. 2; ECF No. 54, Ex. C; see *In re Roberts*, 505 B.R. 555, 567 (Bankr. N.D. Okla. 2014) ("The Final Default Judgment lacks the basic components of a reasoned opinion—that is, specific factual findings and a thorough legal analysis. The 'finding' that 'Roberts' [was] . . . found to have committed intentional fraud on . . . Zilm is not sufficiently detailed—in facts or analysis—to sustain a finding by this Court that the issue of fraud was actually litigated."); *In re Springhart*, 450 B.R. 725, 731 (Bankr. S.D. Ohio 2011) (finding default judgment didn't have a preclusive effect on plaintiff's § 523(a)(2)(A), (a)(4), or (a)(6) claims because the order entering default was "short in detail and include[ed] no factual or legal findings" with respect to plaintiff's underlying claims.).