**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Robert Joseph Venne<br><br>Debtor. | Case No. 24-14547 MER<br><br>Chapter 7 |
| Carol Holley<br><br>Plaintiff,<br><br>v.<br><br>Robert Joseph Venne<br><br>Defendant. | Adversary No. 24-01258 MER |

## ORDER

THIS MATTER comes before the Court following trial on the complaint filed by Plaintiff Carol Holley ("**Holley**") against the Debtor/Defendant Robert Joseph Venne ("**Venne**") pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

## BACKGROUND

Venne owns and operates Blanca View Cabinets and Building, LLC ("**Blanca**"). On September 14, 2023, Holley and Blanca entered into an agreement (the "**Agreement**") whereby Blanca would perform a variety of construction services at a property Holley owns known as 1738 Mathilde Place, Fort Garland, Colorado 81133 (the "**Property**").[1] Per the Agreement, Blanca agreed to, among other things, stain the ceiling and walls in the house and garage at the Property, purchase Boiled Linseed Oil and use it to coat logs and eaves, build an outside deck and patio, build and install cabinets and granite countertops, and install exterior doors and windows. Holley agreed to pay Blanca $65,178.00 as a down payment (the "**Deposit**"), with the remaining amount to be billed and paid as the work was completed. Over the next few months, Venne performed minimal work at the Property. In particular, Venne only installed windows, purchased and applied the linseed oil, and partially installed the exterior doors.

Venne began experiencing serious health issues in November 2023. In December 2023, Venne told Holley he had been hospitalized and that he was going to need surgery. However, he did not believe the surgery would interfere with construction

[1] Holley Ex. 6, September 14, 2026, Agreement. This was the only exhibit admitted at trial.

of the Property. Venne performed no work on the Property in December 2023. In January 2024, Holley learned Venne had not paid a lumber supplier for certain materials and was forced to pay for them herself. Eventually, Holley no longer wanted Venne to work on the project, terminated the Agreement, and asked for the Deposit back. Venne never returned the Deposit to Holley. On May 10, 2024, Holley initiated a lawsuit against Venne and Blanca in the Alamosa County District Court (the "**State Court Case**").[2] Neither Venne nor Blanca responded to the state court complaint, and Venne filed the underlying bankruptcy case on August 7, 2024.[3] Holley filed the instant adversary proceeding a few months later, seeking a determination that the debts owed to her by Venne are excepted from his discharge pursuant to § 523(a)(2)(A) and (a)(4).[4] The Court conducted a two day trial on Holley's complaint beginning on July 28, 2026, and took the matter under advisement.

## ANALYSIS

### A. Section 523(a)(2)(A)

Holley asserts the debt Venne owes her is nondischargeable under § 523(a)(2)(A) because Venne enticed her to enter into the Agreement under false pretenses. In particular, Holley alleges Venne told her the project would be completed by January 2024, all while never intending to complete it, and that the Deposit would be applied to costs for the project even though Venne intended to use it for his own benefit.

Under § 523(a)(2)(A), debts obtained by "false pretenses, a false representation, or actual fraud" are nondischargeable. To establish a non-dischargeable claim based on a false representation under § 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation; (2) with intent to deceive the creditor; (3) the creditor relied on the false representation; (4) the creditor's reliance was justifiable; and (5) the false representation resulted in damages to the creditor.[5] These elements must be proven by a preponderance of the evidence.[6] "Because direct proof of intent is rarely available, scienter may be established through circumstantial evidence."[7] Intent may be inferred

---

[2] Case No. 2024CV030020.

[3] The state court entered a default judgment against Venne and Blanca on August 16, 2024. Holley filed a motion for summary judgment in the instant adversary proceeding, requesting that the state court default judgment be given preclusive effect. The Court declined to give the default judgment preclusive effect and denied the summary judgment motion finding, among other things, that the judgment is void because it was entered post-petition. ECF No. 55.

[4] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code unless expressly stated otherwise.

[5] *In re Bolling*, 600 B.R. 838, 848 (Bankr. D. Colo. 2019); *Fowler v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

[6] *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

[7] *Santiago v. Hernandez (In re Hernandez)*, 452 B.R. 709, 720-21 (Bankr. N.D. Ill. 2011) (quoting *Rezin v. Barr (In re Barr)*, 194 B.R. 1009, 1020 (Bankr. N.D. Ill. 1996)).

where a debtor knowingly or recklessly makes false representations that he knows, or should know, will induce another to act.[8] "A representation of the maker's own intent to do a particular thing is fraudulent if he does not have that intention at the time he makes the representation."[9] In contrast, if at the time a debtor makes a promise he honestly intends to keep it but later changes his mind or fails to carry out his expressed intention, there has been no misrepresentation.[10] "This is true even if there is no excuse for the subsequent breach. A debtor's statement of future intention is not necessarily a misrepresentation if intervening events cause the debtor's future actions to deviate from previously expressed intentions."[11] In cases involving contractor-debtors, a plaintiff may prove fraud or misrepresentation in two ways: (1) by demonstrating that the debtor never intended to comply with the terms of the contract when he entered into it; or (2) by showing the debtor intentionally misrepresented a material fact or qualification when soliciting or obtaining work.[12] "When determining whether a contractor committed fraud in connection with a construction project, the question pivots on whether, during the negotiations, the contractor induced the property owner into signing the contract by making material false representations, like promising to obtain the necessary permits or overstating his qualifications."[13] "Fraud does not result solely from substandard performance or a mere breach of the construction contract."[14]

The Court concludes Holley has not met her burden to show Venne acted with fraudulent intent such that the debt owed to her should be excepted from discharge under § 523(a)(2)(A). Indeed, Holley presented no evidence or testimony that led the Court to believe Venne did not intend to complete the project at the time the Agreement was entered into. Instead, Holley's evidence only shows that Venne ultimately failed to complete the project. Venne testified that he failed to complete the project because of health issues he began experiencing in November 2023. Venne further testified that he was not ill when he entered into the Agreement, that he intended to complete the project once his health improved, and that he would have completed the project had Holley not terminated the Agreement. Venne's eventual failure to complete the project, without more, is not indicative of fraudulent intent. Furthermore, Holley presented no evidence or testimony that Venne intended to use the Deposit for his personal benefit when he entered into the Agreement. As such, the Court concludes there are no grounds to find the debt owing to Holley nondischargeable under § 523(a)(2)(A).

---

[8] *Id.* at 721.

[9] *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997) (quoting Restatement (Second) of Torts § 530(1)) (quotations omitted).

[10] *Id.* at 787.

[11] *Id.* (quoting 4 *Collier on Bankruptcy* ¶ 523.08 [1][d], at 523-43) (quotations omitted).

[12] *In re Stevens*, 647 B.R. 299, 325 (Bankr. E.D. Va. 2022).

[13] *Id.* at 326 (quoting *Webb v. Isaacson (In re Isaacson)*, 478 B.R. 763, 775 (Bankr. E.D. Va. 2012) (internal quotations omitted).

[14] *Id.* (internal quotations omitted).

## B. Section 523(a)(4)

As an initial matter, Holley admitted during closing arguments that she cannot establish the elements required to prove her § 523(a)(4) claim.[15] Despite this fact, Holley refused to voluntarily dismiss this claim. Therefore, the Court will address it.

Section 523(a)(4) excepts from discharge debts incurred "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."[16] Holley relies only on embezzlement.[17] "Embezzlement means the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."[18] "This definition breaks down into five elements: (1) entrustment (property lawfully obtained originally); (2) of property; (3) of another; (4) that is misappropriated (used or consumed for a purpose other than that for which it was entrusted); (5) with fraudulent intent.[19]

There is no dispute that the first three elements are met. Holley gave Venne the Deposit to use for the project. However, the fourth and fifth elements remain in dispute. Indeed, the only evidence Holley provided that the Deposit was misappropriated is her testimony that it was not refunded despite the minimal work completed, and that she was forced to pay for the lumber using additional funds. Venne does not dispute that he didn't return any portion of the Deposit to Holley. At trial, Venne testified he didn't use the Deposit for anything that benefited him. However, Venne also did not clearly explain what happened to the Deposit, whether he spent it all on Holley's project, or why he did not refund it after the Agreement terminated. Venne's failure to explain what happened to the Deposit is insufficient to prove it was not used for its intended purpose, let alone that Venne acted with fraudulent intent to misappropriate it.[20] Given the lack of evidence showing the Deposit was misappropriated or that Venne acted with the

---

[15] Audio of August 3, 2026, Closing Arguments at 10:44:45-10:44:47 ("I don't think I could prove larceny or embezzlement.).

[16] 11 U.S.C. § 523(a)(4).

[17] During closing arguments, Holley asserted she wasn't sure whether the relationship between her and Venne constitutes a fiduciary relationship. Therefore, she couldn't "in good faith" argue her debt is nondischargeable for fraud or defalcation while acting in a fiduciary capacity. Audio of August 3, 2026, Closing Arguments at 10:48:16-10:48:21 ("I didn't draft this complaint, but they're saying he acted in a fiduciary capacity. I'm not sure if a contractor is a fiduciary, so I can't argue that in good faith.").

[18] *Kim v. Sun (In re Sun)*, 535 B.R. 358, 367 (10th Cir. BAP 2015) (quoting *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988)).

[19] *McNulty v. Palecki (In re Palecki)*, 667 B.R. 581, 616 (Bankr. D. Colo. 2025) (citing *Alternity Cap. Offering 2, LLC v. Ghami (In re Ghami)*, 492 B.R. 321, 325 (Bankr. D. Colo. 2013)).

[20] *Id.* at 617 (quoting *Glenstone Lodge, Inc. v. Treadwell (In re Treadwell)*, 459 B.R. 394, 406 (Bankr. W.D. Mo. 2011) ("[f]or purposes of section 523(a)(4) it is improper to automatically assume embezzlement had occurred merely because property is missing, since it could be missing simply because of noncompliance with contractual terms.") (internal quotations omitted).

requisite intent, the Court concludes Holley has not met her burden to prove her § 523(a)(4) claim.

**CONCLUSION**

Given the above, the Court

ORDERS Holley's claims pursuant to § 523(a)(2)(A) and (a)(4) are DISMISSED. A separate judgment in favor of Venne will enter. The court

FURTHER ORDERS pursuant to Fed. R. Civ. P. 54(b) (incorporated by Fed. R. Bankr. P. 7054) all claims in this proceeding have been adjudicated, this order is final, and there is no just reason for delay.

Dated October 26, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court